**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

LA'TONYA T. BRYANT,                    *

     PLAINTIFF,                        *

      v.                             *          Civil Action No. RDB-21-545

MAYOR AND CITY COUNCIL
OF BALTIMORE, *et al.*,                 *

                                   *

     DEFENDANTS.
*     *     *     *     *     *     *     *     *     *     *     *     *

## **MEMORANDUM OPINION**

Plaintiff La'Tonya Bryant ("Bryant" or "Plaintiff"), a former Baltimore City employee, brought suit against Defendants Mayor and City Council of Baltimore; Quinton M. Herbert, individually and in his official capacity; and City of Baltimore, Department of Human Resources ("the City" or "Defendants") alleging thirteen counts of employment discrimination under both Maryland and Federal law. (*See* Compl., ECF No. 2.) Specifically, Bryant raises claims under the Maryland Fair Employment Practice Act ("MFEPA"), Md. Code Ann., State Gov't § 20-602 *et seq*; the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C § 2601 *et seq*.; Section 504 of the Rehabilitation Act, 29 U.S.C. § 794; the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 *et seq*.; and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq*. Bryant originally filed her case in the Circuit Court for Baltimore City, Maryland. (*See* Case No. 24-C-20-004750.) On March 3, 2021, Defendants sought removal of the case to this Court pursuant to 28 U.S.C. § 1441(a), invoking federal question jurisdiction under 28 U.S.C. §

1331 and supplemental jurisdiction under 28 U.S.C. § 1367. (Notice of Removal, ECF No.

1.) Presently pending before this Court are Defendants' Partial Motion to Dismiss for Lack

of Jurisdiction ("Partial Motion to Dismiss") (ECF No. 9) and Bryant's Motion to Remand

to State Court (ECF No. 14). The parties' submissions have been reviewed and no hearing is

necessary. *See* Local Rule 105.6 (D. Md. 2021). For the reasons that follow, the Bryant's

Motion to Remand (ECF No. 14) is DENIED and Defendants' Partial Motion to Dismiss

(ECF No. 9) is GRANTED IN PART and DENIED AS MOOT IN PART.

## BACKGROUND

In ruling on a motion to dismiss, this Court "accept[s] as true all well-pleaded facts in

a complaint and construe[s] them in the light most favorable to the plaintiff." *Wikimedia

Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (citing *SD3, LLC v. Black &

Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015)). Plaintiff La'Tonya Bryant is a resident

of Ellicott City, Maryland. (ECF No. 2 ¶ 1.) Defendant Mayor and City Council of

Baltimore, a municipal corporation, operates a municipality and local government in

Maryland. (*Id.* ¶ 2.) Defendant City of Baltimore, Department of Human Resources is an

agency governed, administered, and funded by Defendant Mayor and City Council of

Baltimore. (*Id.* ¶ 3.) Defendant Quinton M. Herbert was at all times relevant and remains the

Interim Director and Chief Human Capital Officer for the City of Baltimore, Department of

Human Resources. (*Id.* ¶ 4.)

From August 2012 until November 9, 2018, Bryant worked for the City of Baltimore,

Department of Human Resources ("the Department"). (*Id.* ¶ 10.) Her title at the conclusion

of her employment was Deputy Director of Human Resources Administration. (*Id.*) In or

about late September 2018, Bryant communicated with Defendant Quinton Herbert, and indicated that she would soon require medical leave to have surgery on her Achilles tendon to repair a tear. (*Id.* ¶ 13.) The injury to her Achilles tendon caused Bryant difficulty performing daily functions like walking, lifting, bending, and sitting. (*Id.* ¶ 14.) Prior to her surgery, Bryant walked with a limp, wore an orthopedic boot cast, and participated in physical therapy for the better part of a year. (*Id.*)

When Bryant explained her need to take medical leave, Herbert expressed frustration and displeasure. (*Id.* ¶ 15.) On prior occasions, the Department had discouraged Bryant from taking leave. (*Id.* ¶ 16.) Nevertheless, Bryant decided to take medical leave and submitted Family and Medical Leave Act paperwork to the Department in advance of her surgery. (*Id.* ¶¶ 16-17.) Bryant underwent surgery on November 6, 2018. (*Id.* ¶ 18.) Just three days later, on November 9, 2018, Bryant's employment was terminated. (*Id.* ¶ 19.)

While Bryant had accrued sufficient paid leave to cover most of her period of medical leave, the majority of this leave was not paid out in her final paycheck. (*Id.* ¶ 20.) At the time of her termination, Bryant was 51 years old. She was replaced by an employee who had been transferred from another department. That employee was in her 30s. (*Id.* ¶ 21.) Despite considerable efforts, Bryant was unable to find new employment for over a year after her termination. Her final salary before her termination was approximately $133,000.00. (Id. ¶¶ 25-26.) Due to the loss of income, Bryant moved out of her home and into an apartment. She struggled to provide for her family and sought mental health counseling for the first time in her life. (*Id.* ¶ 26.)

On September 4, 2019, Bryant filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), which was cross-filed with the Maryland Commission on Civil Rights. (*Id.* ¶ 27.) In her Charge, Bryant alleged discrimination on the basis of disability and age as well as retaliation. (*Id.*) On October 27, 2020, Bryant received notification from the EEOC of her right of file suit under the Age Discrimination in Employment Act. On October 29, 2020, Bryant received a Right to Sue letter from the EEOC authorizing her to file suit under the Americans with Disabilities Act. (*Id.* ¶ 29.)

On November 9, 2020, Bryant filed suit in the Circuit Court for Baltimore City. (ECF No. 14-2.) Defendant Quinton Herbert was served with Bryant's complaint on February 3, 2021. (*Id.*) Defendants Mayor and City Council of Baltimore and City of Baltimore, Department of Human Resources were served on February 5, 2021. (*Id.*) On March 3, 2021, Defendants filed a Notice of Removal with this Court. (ECF No.1.)  On March 8, 2021, Defendants filed a Partial Motion to Dismiss Bryant's complaint. (ECF No. 9.) On April 2, 2021, Bryant filed a Motion to Remand to State Court. (ECF No. 14.)

## STANDARD OF REVIEW

### I. Remand Standard

A defendant in a state civil action may remove the case to federal court only if the federal court can exercise original jurisdiction over at least one of the asserted claims. 28 U.S.C. § 1441(a)-(c). Once an action is removed to federal court, the plaintiff may file a motion to remand the case to state court if there is a contention that jurisdiction is defective. 28 U.S.C. § 1447(c). The party seeking removal bears the burden of establishing jurisdiction in the federal court. *Johnson v. Advance America*, 549 F.3d 932, 935 (4th Cir. 2008). A plaintiff

may also seek to remand a case to state court where a defendant does not comply with the procedural requirements of the removal statute. 28 U.S.C. § 1447(c). A plaintiff must make such a motion within 30 days after the filing of the notice of removal. *Id.*; *see also Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 198 (4th Cir. 2008). On a motion to remand, this Court must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court." *Richardson v. Phillip Morris, Inc.*, 950 F. Supp. 700, 701-02 (D. Md. 1997) (citation omitted); *see also Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 815-16 (4th Cir. 2004).

### II. 12(b)(6) Standard

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (quoting *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). A complaint need not

5

include "detailed factual allegations." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A complaint must, however, set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Iqbal*, 556 U.S. at 678; *see A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011).

## ANALYSIS

### I. Plaintiff's Motion to Remand

Plaintiff argues that this case should be remanded back to state court because Defendants allegedly did not comply with the procedural requirements of the removal statute. Specifically, Plaintiff argues that the City did not "promptly" file a copy of its notice of removal with the Circuit Court for Baltimore City after filing the notice with this Court as required by 28 U.S.C. § 1446(d). The City argues that it did comply with the requirements of § 1446(d) because it filed a notice of removal with the Circuit Court for Baltimore City, albeit under an erroneous case number.

28 U.S.C. § 1446(b) requires a defendant seeking to remove a civil action from state court to federal court to file a notice of removal with the federal court within 30 days of having been served. 28 U.S.C. § 1446(d) states that "[p]romptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect removal and the State court shall proceed no further unless and until the case is

remanded." 28 U.S.C. § 1447(c) instructs that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."

In this case, two of the Defendants were served on February 3, 2021, and the other was served on February 5, 2021. The Defendants collectively filed their Notice of Removal with this Court on March 3, 2021. The City thus satisfied the requirement to file the notice within 30 days of having been served with the complaint. The City attached to its Notice of Removal a "Notice of Filing Notice of Removal" (ECF No. 1-2) with the caption of this case and a notation that the document was being filed in the Circuit Court for Baltimore City. The Notice of Filing Notice of Removal contained an erroneous case number: Case No. 24-C-03-000285. (ECF No. 1-2.) The Notice of Filing Notice of Removal also contained a signed certificate of service dated Mach 3, 2021. (*Id.*)

Plaintiff filed her Motion to Remand to State Court on April 2, 2021, within the 30-day limit for such a motion based on a non-jurisdictional defect. (ECF No. 14.) Plaintiff has attached to her Motion a copy of the state court docket sheet for this case as it existed on April 2, 2021. (ECF No. 14-2.) The docket does not reflect the filing of a copy of the notice of removal or the Notice of Filing Notice of Removal that Defendants filed with this Court. Plaintiff has also attached the state court docket for the case bearing the case number that appears to have been erroneously included in Defendants' filing. (ECF No. 14-3). The last docket entries in that case are from 2009. (*Id.*)

After Plaintiff alerted the City in her Motion that it had not properly filed a copy of its notice of removal with the state court, the City did not immediately correct the error.

While Plaintiff filed her Motion on April 2, 2021, the City did not file a copy of its notice of removal with the Circuit Court for Baltimore City until April 22, 2021. (ECF No. 22-1.) Quite simply, the City waited 20 days after having been notified of its error by an opposing party to correct the error with respect to the case number.

Section 1446(d) does not define what "promptly" means. Courts have held that the standard is a "flexible, fact-specific" one. *McCall v. Greyhound Lines, Inc.*, No. 98 CIV. 7586 CSH, 1998 WL 865626, at *2 (S.D.N.Y. Dec. 11, 1998). As Judge Hollander of this Court noted in *Loper v. Howard Cty. Pub. Sch. Sys.*, Civil Action No. ELH-20-3789, 2021 U.S. Dist. LEXIS 163118, at *9 (D. Md. Aug. 27, 2021), courts are reluctant to remand cases for *de minimis* violations of § 1446(d). In that case, Judge Hollander declined to remand a case even if the defendants did not provide the plaintiff with adequate notice under § 1446(d) because the plaintiff had not suffered prejudice and had in fact filed her motion to remand within the 30-day window allowed by §1447(c). *See also Cardoza v. Med. Device Bus. Servs., Inc.*, 389 F. Supp. 3d 399, 406 (W.D. Va. 2019) (declining to remand suit where violation § of 1446(d) was *de minimis* and later cured); *Arnold v. CSX Hotels, Inc.*, 212 F. Supp. 2d 634, 637 (S.D.W. Va. 2002) ("'Where defendants make a good faith effort to give notice, and where plaintiffs suffer no prejudice as a result of the failure of that attempt, we think that the requirements of section 1446(d) are sufficiently fulfilled to effect removal.'") (citation omitted), *aff'd*, 112 F. App'x 890 (4th Cir. 2004).

In the context of a failure promptly to file a copy of a notice of removal with the state court, courts look to the length of delay and the overall circumstances of the case to determine whether remand is appropriate. *See, e.g., Mlotek v. Mlotek*, No. 10-cv-432, 2011 U.S.

Dist. LEXIS 13828, at *4 (N.D. Ohio Feb. 3, 2011)  (remanding a case where the defendant had not filed a copy of the notice of removal with the state court for over eight months and had not filed the notice at the time the motion to remand was decided); *Nixon v. Wheatley*, 368 F. Supp. 2d 635, 640 (E.D. Tex. 2005) (finding twenty-two-day delay in filing notice with state court was "reasonably prompt"); *Calderon v. Pathmark Stores, Inc.*, 101 F. Supp. 2d 246, 246-47 (S.D.N.Y. 2000) (delay of one month did not necessitate remand); *Jackson v. City of New Orleans*, CIVIL ACTION NO. 95-1340 SECTION "R", 1995 U.S. Dist. LEXIS 15022, at *5 (E.D. La. Oct. 10, 1995) (remanding a case where the City of New Orleans failed to file a copy of the notice of removal with the state court).

The facts of this case do not support remand. First, while the record is clear that the City did not file its notice of removal with the Circuit Court for Baltimore City until April 22, 2021, Plaintiff has not alleged that she has suffered any prejudice. Second, the record also reflects that the Circuit Court for Baltimore City took no action in this case between March 2021 and April 22, 2021. Thus, on the facts of this case, this Court concludes that remand is not warranted. Accordingly, Plaintiff's Motion to Remand to State Court (ECF No. 14) is DENIED.

## II.     Defendants' Partial Motion to Dismiss

### A.     Claims as to Defendant City of Baltimore, Department of Human Resources

Defendants argue that all claims as to Defendant City of Baltimore, Department of Human Resources are subject to dismissal because the Department is not an entity that is

amenable to suit under the Baltimore City Charter. Plaintiff "[does] not concede this point, but won't belabor it either." (ECF No. 12-1 at 3.)

As Judge Blake of this Court has recently stated,

> The Baltimore City Charter creates the municipal corporation known as the Mayor and City Council of Baltimore, which "may sue or be sued." BALT. CITY, MD CHARTER Art. 1, § 1 (2019 ed.). The Charter does not, however, grant . . . city agencies and departments such capacity to sue or be sued. It is well established that individual local government departments . . . cannot be sued when the City Charter provides only actions against the larger governmental entity. *See Jenkins v. Baltimore City Fire Dep't*, 862 F. Supp. 2d 427, 441 (D. Md. 2012), aff'd, 519 F. App'x 192 (4th Cir. 2013) (holding the Baltimore City Fire Department cannot be sued under Art. I of the City Charter); *James v. Frederick County Pub. Sch.*, 441 F.Supp.2d 755, 758 (D. Md. 2006) (finding that the Frederick County Fire Department and public schools cannot be sued under an analogous municipal charter); *cf. Adams v. Calvert County Pub. Schs.*, 201 F.Supp.2d 516, 520 n. 3 (D. Md. 2002) (holding a school district is not a separate entity that can be sued).

*Rafferty v. Mayor's Office of Homeless Servs.*, Civil Action No. 1:20-cv-03327-CCB, 2021 U.S. Dist. LEXIS 228927, at *4-5 (D. Md. Nov. 29, 2021). The City of Baltimore, Department of Human Resources is clearly not amenable to suit under the line of cases Judge Blake has cited. This Court adopts the reasoning of that line of cases. Accordingly, Defendants' Partial Motion to Dismiss as to all claims against Defendant City of Baltimore, Department of Human Resources is GRANTED and all such claims are DISMISSED WITH PREJUDICE.

### B.    Claims as to Defendant Quinton M. Herbert

Defendants argue that all claims as to Defendant Quinton M. Herbert under the MFEPA (Counts 1,4,7, and 12), the ADA (Counts 2,5, and 8), the Rehabilitation Act (Counts 3, 6, and 9), and the ADEA (Count 13) should be dismissed because those statutes

do not permit suits against individuals, personally or in their supervisory capacity.[1] Plaintiff argues that it is unclear whether Defendants are seeking to have both the individual and official capacity claims against Herbert dismissed and concludes that given the lack of arguments directed at the official capacity claims, only the individual capacity claims are at issue in the Motion. (ECF No. 12-1 at 3-4.) Plaintiff states that she is not pursuing claims against Herbert in his individual capacity under either the ADA or the Rehabilitation Act. Accordingly, Defendant's Partial Motion to Dismiss is DENIED AS MOOT to the extent it seeks to dismiss individual capacity claims against Herbert in Counts 2, 3, 5, 6, 8, and 9. Plaintiff also acknowledges that the United States Court of Appeals for the Fourth Circuit has held that supervisors cannot be held individually liable for violations of the ADEA. *See Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 510-11 (4th Cir. 1994). Accordingly, any individual capacity claim as to Herbert under the ADEA (Count 13) is DISMISSED WITH PREJUDICE.

### 1.    Remaining Individual Capacity Claims Against Defendant Herbert

The remaining individual capacity claims against Defendant Herbert under the FMLA (Counts 10, 11) and the MFEPA (Counts 1, 4, 7, 12) are also subject to dismissal because those statutes do not authorize suits against supervisors in their individual capacities. *See Mattison v. MTA*, RDB-15-1627, 2016 U.S. Dist. LEXIS 65361, at *6 (D. Md. May 18, 2016) (FMLA); *Jackson v. Baltimore Police Dep't.*, WDQ-11-3569, 2013 U.S. Dist. LEXIS 38463, at *4

---

[1] While Defendants have not moved to dismiss the claims under the FMLA (Counts 10, 11) against Defendant Herbert, this Court has the inherent power to dismiss frivolous claims. *See Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012). As discussed *infra*, these claims are subject to dismissal because the official capacity claims are redundant and the individual capacity claims are not permitted under the statute.

n.14 (D. Md. March 15, 2013) (MFEPA). Accordingly, those claims are DISMISSED WITH PREJUDICE.

### 2.    Official Capacity Claims Against Defendant Herbert

Though Defendants did not elaborate arguments for the dismissal of official capacity claims against Defendant Quinton M. Herbert, this Court has broad, inherent power to dismiss *sua sponte* a claim that is frivolous. *See e.g., Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012) (". . . frivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid"); *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (stating district courts have the authority to dismiss frivolous complaint *sua sponte*, notwithstanding the payment of the filing fee); *see also Crowley Cutlery Co. v. United States, 849 F.2d 273, 277 (7th Cir. 1988); Brown v. District Unemployment Compensation Board*, 411 F. Supp. 1001 (D.C. 1975). "[A] sua sponte dismissal under Rule 12(b)(6) is not reversible error when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Mavrovich v. Vanderpool*, 427 F. Supp. 2d 1084, 1089 (D. Kan. 2006) (quoting *McKinney v. State of Oklahoma Dep't of Human Servs.*, 925 F.2d 363, 365 (10th Cir. 1991)).

All of Plaintiff's official capacity claims against Defendant Herbert are subject to dismissal under the Court's broad, inherent powers because they are redundant. "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *accord Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a

suit against the official but rather is a suit against the official's office."). In this case, Plaintiff has named as a defendant the City itself through the municipal corporation Mayor and City Council of Baltimore. Defendants have not sought dismissal of any counts as to Defendant Mayor and City Council of Baltimore. Therefore, any official capacity claims against Herbert in his role as Interim Director and Chief Human Capital Officer for the Department of Human Resources of the City of Baltimore are redundant. *See Compton v. Maryland*, No. ELH-19-804, 2019 U.S. Dist. LEXIS 209720, at *12-13 (D. Md. Dec. 5, 2019) (dismissing official capacity claims as redundant where the plaintiff also named the appropriate agency as a defendant); *Fink v. Richmond*, Civil Action No. DKC 2007-0714, 2009 U.S. Dist. LEXIS 89853, at *13-14 (D. Md. Sep. 29, 2009) (same). Accordingly, all official capacity claims as to Defendant Herbert are DISMISSED WITH PREJUDICE.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion to Remand to State Court (ECF No. 14) is DENIED and Defendants' Partial Motion to Dismiss (ECF No. 9) is GRANTED IN PART and DENIED AS MOOT IN PART. Specifically, all claims against Defendant City of Baltimore, Department of Human Resources are DISMISSED WITH PREJUDICE. All official capacity claims against Defendant Quinton M. Herbert are also DISMISSED WITH PREJUDICE. Defendants' Partial Motion to Dismiss as to individual capacity claims against Defendant Herbert under the ADA (Counts 2, 5, 8) and the Rehabilitation Act (Counts 3, 6, 9) is DENIED AS MOOT. All remaining individual capacity claims against Defendant Herbert are DISMISSED WITH PREJUDICE.

This case shall proceed as a thirteen-count complaint against Defendant Mayor and City Council of Baltimore only.

A separate Order follows.

Dated: December 6, 2021

_____/s/_____

Richard D. Bennett
United States District Judge