**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

Chambers of
Matthew J. Maddox
United States Magistrate Judge



101 West Lombard Street, Chambers 3B
Baltimore, Maryland 21201
MDD_MJMChambers@mdd.uscourts.gov
(410) 962-3407

September 15, 2022

**MEMORANDUM TO COUNSEL**

      RE:    *La'Tonya Bryant v. Mayor & City Council of Baltimore, et al.*
               Civil No. MJM 21-545

Dear Counsel:

      Pursuant to the Standing Order Concerning Discovery (ECF 41), the parties filed a letter with the Court dated August 29, 2022, regarding a dispute concerning a subpoena (the "Subpoena") served by defendant Mayor and City Council of Baltimore ("Defendant") upon Carolyn Wyatt, M.D., a primary care physician of plaintiff La'Tonya Bryant ("Plaintiff"). ECF 50. On August 30, 2022, counsel for each party filed a letter detailing their respective positions. ECF 51 & 52. On September 15, 2022, the Court conducted a telephone conference with counsel for the parties regarding the dispute.

      The Complaint in this matter asserts various claims of employment disability and age discrimination, failure to accommodate, retaliation, and interference in violation of the Family and Medical Leave Act. Among the relief sought by Plaintiff as asserted in the Complaint are compensatory damages for psychological and emotional harms alleged to have resulted from Defendant's conduct. Plaintiff's counsel points out that Plaintiff has decided not to designate her former mental health counselor as an expert or rely upon the counselor's opinion or records in this litigation. ECF 51 at 2–3.

      The Subpoena, which was served on July 28, 2022, requests from Dr. Wyatt "[a]ny and all medical records, including but not limited to mental health records," and various other categories of records "pertaining to the treatment and billing of [Plaintiff]." ECF 52 at 2. Since issuance of the Subpoena, Defendant has agreed to limit the scope of the Subpoena to mental health records created since November 8, 2018, the date that Plaintiff's employment was allegedly terminated. Plaintiff has objected to the Subpoena, and, in light of that objection, the parties have directed Dr. Wyatt not to produce any records until the Court issues an order.

      During the telephone conference on September 15, 2022, counsel advised the Court that they do not know whether Dr. Wyatt is in possession, custody, or control of any of the records sought in the Subpoena. If Dr. Wyatt does not have any of the requested records, then the dispute over the Subpoena is moot.

Civil No. MJM 21-545
September 15, 2022
Page 2

      For this reason, and others stated during the telephone conference, the Court will enter a separate Order directing Dr. Wyatt to advise counsel for the parties whether she is in possession, custody, or control of any of the requested mental health records, within five business days; directing counsel for Defendant to provide Dr. Wyatt a copy of the Order; and directing counsel for the parties jointly to advise the Court of Dr. Wyatt's response to the Order.

      Within five days of receipt of Dr. Wyatt's response, counsel for Plaintiff shall advise the Court and counsel for Defendant whether Plaintiff intends to amend her pleadings to exclude claims for compensatory damages for psychological and/or emotional injuries or whether she intends to designate an expert regarding her mental health. The parties shall confer regarding proposed deadlines for any amended pleadings or Fed. R. Civ. P. 26(a)(2) disclosures before requesting that the Court set any new deadlines. The parties shall also confer regarding any proposed Confidentiality Order and jointly present for the Court's consideration a proposed Confidentiality Order before any mental health records are ordered to be produced.

      Despite the informal nature of this letter, it is an ORDER of the Court and will be docketed accordingly.

      Very truly yours,

      /S/

      Matthew J. Maddox
      United States Magistrate Judge